RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE 2/11/14

QDB

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DANIEL LEE FROST                DOCKET NO. 13-CV-2838; SEC. P

VERSUS                          JUDGE DRELL

CALVIN MCFERRIN, ET AL.         MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Daniel Lee Frost, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at the Natchitoches Parish Detention Center. He alleges that his fiancé was sexually assaulted by Lt. Davis, Sgt. Benning, Sgt. Allen, and other inmates. In addition to those officers, he names as defendant Chief McFerrin. He seeks monetary damages as well as punishment for the actions of the defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Plaintiff's Allegations

Plaintiff complains that Lt. Davis allowed his fiancé into the jail, and both of their phone records were obtained by Defendants. He states that the defendants "put her in harms way" by allowing her near other offenders. He claims that this resulted in "sexual conduct between her and other offenders along with the correctional officers mentioned above." [Doc. #1, p.3] Plaintiff

witnessed the conduct of the individuals, and he could tell that his fiancé was scared, and she was going along with the conduct out of fear for her safety.

### *Law and Analysis*

Title 28 U.S.C. §1915A and 42 U.S.C. §1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke, 490 U.S. at 327-28. Therefore, the Court must

2

determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir.1994); see Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

Plaintiff seeks damages and punishment of the defendants for assaulting his fiancé.  Seeking damages for harm inflicted on someone else implicates the standing doctrine.  The doctrine of standing derives from the Constitution's restriction of federal court jurisdiction to "cases and controversies." U.S. Const. art. III, §2, cl.1.  The Fifth Circuit has held that persons claiming a deprivation of constitutional rights are required to show a deprivation of **their *personal* rights, and not the rights of others**. Coon v. Ledbetter, 780 F.2d 1158, 1159 (5th Cir. 1986).  Thus, absent some allegation of a violation of **his rights**, Plaintiff lacks standing. See ACLU v. Nat'l Sec. Agency, 493 F.3d 644, 659 (6th Cir. 2007)(observing that the standing doctrine "applies to every claim sought to be litigated in federal court").

Even if Plaintiff had alleged the violation of his own rights, he can not recover damages for the emotional distress of having witnessed the incident.  Pursuant to 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury."  The United States Fifth Circuit Court of Appeals, in interpreting this

provision, has held that the phrase "physical injury" in §1997e(e) means an injury that is more than *de minimis*, but it need not be significant. <u>Alexander v. Tippah County, Miss.</u>, 351 F12-93.3d 626 (5th Cir. 2003). Although Plaintiff states that he had "physical damages to my hands by not locking the handcuffs," which "was a result of being a witness to this extreme occurrence" [Doc. #1, p.3], he does not allege that any officer attacked him or injured him, nor does he state how the handcuffs being unlocked injured his hands. Moreover, he does not allege what type of "physical damages" to his hands he experienced.

Plaintiff also asks that the defendants be punished for their actions. Despite the troubling nature of the accusations, to the extent that Plaintiff seeks a criminal prosecution, his claim fails. Aside form the fact that Plaintiff has not alleged that the defendants violated **his** constitutional rights, there is no constitutional right to have a person criminally prosecuted. <u>See Oliver v. Collins</u>, 914 F.2d 56, 60 (5th Cir. 1990).

### *Conclusion*

For the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice pursuant to §1915(e) and §1915A.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may**

4

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 11th day of February, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE